UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kathryn Williams-Platt,                                    Civil No. 09-3609 (JRT/FLN)

Plaintiff,

v.                                                  **REPORT AND
RECOMMENDATION**

Bureau of Collection Recovery, Inc.,

Defendant.

_____

Lee Cassie Yates for Plaintiffs.
Matthew R. Doherty for Defendant.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on April 15,

2011 on Defendant's Motion for Summary Judgment (ECF No. 11). The matter was referred to the

undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For

the reasons which follow, this Court recommends the motion be **DENIED**.

## I.    BACKGROUND

This action arises from attempts by Defendant Bureau of Collection Recovery, Inc.

("Defendant") to collect a debt incurred by Plaintiff Kathryn Williams-Platt ("Plaintiff").  Plaintiff

incurred a debt of $752.32 with AT&T Mobility.  AT&T Mobility placed Plaintiff's account with

Defendant for the purpose of having Defendant collect the debt owed by Plaintiff.  Defendant sent

a collection letter to Plaintiff on October 29, 2009, then began calling Plaintiff on October 30, 2009.

(Gensmer Aff. Ex. A, ECF No. 14.)  Defendant's call records show that Defendant placed 83 calls

1

to Plaintiff in 47 days in an attempt to collect the debt.  (Gensmer Aff. Ex. A, ECF No. 14.)  During

that period, Defendant placed four calls per day on fourteen days and placed three calls per day on

nine days.  The call records show that Plaintiff answered two of those calls, on November 2, 2009

and November 24, 2009.  *Id.*  Plaintiff recalls speaking to Defendant between eight and ten times.

(Yates Aff. Ex. A, ECF No. 22.)  Plaintiff also states that she twice asked Defendant to take her off

of its call loop, but Defendant continued to call.  *Id.*

Plaintiff brings suit against Defendant claiming violations of the Fair Debt Collection

Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*  Plaintiff alleges that Defendant violated §

1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress,

and abuse Plaintiff, and § 1692d(5) by causing Plaintiff's telephone to ring repeatedly and

continuously with the intent to annoy, abuse, or harass Plaintiff.  (Compl. ¶ 15.)[1]  Defendant now

moves for summary judgment.

## II.   LEGAL ANALYSIS

### A.   Summary Judgment Standard

According to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is

appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any, show that there is no genuine issue as to any material fact and

that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  In order to

determine whether a certain fact is material, "it is the substantive law's identification of which facts

are critical and which facts are irrelevant that governs."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

---

[1]Plaintiff has voluntarily withdrawn her claim that Defendant violated § 1692c(a)(1) by
contacting Plaintiff at a time and place known to be inconvenient.  (Pl.'s Resp. To Def.'s Mot.
Summ. J. at 27, ECF No.21.)

242, 248 (1986). Summary judgment will not be granted "if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* "The inquiry performed is the threshold inquiry of determining whether . . . there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

When determining whether to grant a motion for summary judgment, a court must view all of the facts in the light most favorable to the non-moving party and give the non-moving party the benefit of all reasonable inferences that can be drawn from those facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). When the moving party brings forth a proper summary judgment motion, the "adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see Anderson*, 477 U.S. at 256 ("[A] party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial."); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) ("Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c).")

> **B.      Because genuine issues of material fact exist as to whether the calls were made with the intent to harass, summary judgment is inappropriate.**

The FDCPA seeks to eliminate "abusive, deceptive, and unfair debt collection practices by debt collectors." 15 U.S.C. § 1692. Plaintiff alleges that Defendant violated Section 1692d by "engag[ing] in . . . conduct the natural consequence of which is to harass, oppress, or abuse any

person in connection with the collection of a debt." Plaintiff alleges that by calling her 83 times in 47 days and calling after she had requested to be removed from the call list, Defendant violated Section 1692d(5)'s prohibition on "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." Plaintiff notes that under the plain language of the statute, causing a telephone to ring repeatedly is sufficient for a jury to find intent to harass, even if Plaintiff did not answer the calls. *See Meadows v. Franklin Collection Service*, No. 10-13474, 2011 WL 479997, at *3 (11th Cir. Feb. 11, 2011) ("The statute itself recognizes that answering the phone is not necessary for there to be harassment.").

In order to defeat Defendant's motion for summary judgment, Plaintiff must produce enough evidence to raise a triable issue of fact on the question of whether Defendant's conduct was intended to annoy, abuse, or harass. Such intent may be inferred from the volume and pattern of calls made by a debt collection agency. *See e.g. Joseph v. J.J. MacIntyre Companies, LLC*, 238 F.Supp.2d 1158, 1168 (N.D. Cal. 2002); *Bassett v. I.C. System, Inc.*, 715 F.Supp.2d 803, 809-810 (N.D.Ill. 2010). Courts disagree as to the number or pattern of calls sufficient to raise a fact issue regarding the intent to annoy, abuse, or harass. *See Krapt v. Nationwide Credit Inc.*, 2010 WL 2025323, at *3-4 (C.D.Cal. May 21, 2010) (discussing disagreement among district courts as to the volume and pattern of calls that will allow a plaintiff to raise a triable issue of fact of the defendant's intent to annoy or harass).

Defendant argues that the volume and pattern of calls revealed by its call log shows an intent to reach plaintiff, and is not sufficient to raise a question of fact as to whether Defendant's conduct rises to the level of harassment under Sections 1692d and 1692d(5). Defendant relies on *Tucker v.*

*The CBE Group, Inc.*, 710 F.Supp.2d 1301, 1305 (M.D.Fla. 2010), in which the Court found that 57 calls from a debt collector, including seven calls in one day, did not raise a reasonable inference of intent to harass because the debt collector was never asked to cease calling and never called back on the same day it left a message.  However, another district court in *Sanchez v. Client Services*, 520 F.Supp.2d 1149 (N.D.Cal. 2007) found a nearly identical call volume and pattern, 54 calls to plaintiff over a six-month period, including a six calls in one day, to show an intent to annoy, abuse and harass and granted summary judgment in favor of the plaintiff.

In this case, the Court finds based on the number of calls Defendant made to Plaintiff, along with Plaintiff's contention in her affidavit that she asked to be removed from Defendant's call list, a jury could reasonably find that Defendant placed the calls with the intent to annoy, abuse, or harass.  Because there is a genuine issue of material fact for the jury as to whether the calls were made with the intent to annoy, abuse, or harass, Defendant is not entitled to summary judgment on Plaintiff's Section 1692d and Section 1692d(5) claims.

## III.    RECOMMENDATION

Based upon the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant's Motion for Summary Judgment (ECF No. 11) be **DENIED**.


DATED: June 15, 2011                          *s/ Franklin L. Noel*
                                              FRANKLIN L. NOEL
                                              United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **June 29, 2011**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof.  All briefs filed under the rules shall be limited to

3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **June 29, 2011,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.